**Julian VALENCIA–ARROYO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71408.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Julian Valencia–Arroyo, Santa Ana, CA, pro se.

Virginia Corona–Valencia, Santa Ana, CA, pro se.

Maria Delores Valencia–Corona, Santa Ana, CA, pro se.

Antonio Valencia–Corona, Santa Ana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Taylor, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Julian Valencia–Arroyo, Virginia Corona–Valencia, Maria Delores Valencia–Corona, and Antonio Valencia–Corona, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Julian failed to establish exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005). The petitioners' contention that the IJ failed to consider all evidence submitted when assessing hardship is not supported by the record and does not amount to a colorable due process challenge. *See id.* at 930.

The petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) (rejecting equal protection challenge to NACARA's favorable treatment of aliens from some countries, over those from other countries including Mexico).

Moreover, the petitioners' contention that the Illegal Immigration Reform and Immigrant Responsibility Act is unconstitutional because it holds applicants who are not eligible for NACARA to a heightened standard also fails. *See Hernandez–*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

*Mezquita v. Ashcroft,* 293 F.3d 1161, 1163–65 (9th Cir.2002) (explaining that the requirements for cancellation of removal are more restrictive than those for suspension of deportation, and approving Congress's natural line-drawing process in choosing to limit relief).

The petitioners' contention that the BIA erred by summarily affirming the IJ's decision is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir. 2003).

The petitioners contention that the case must be remanded under *Lanza v. Ashcroft,* 389 F.3d 917 (9th Cir.2004) is unavailing because Virginia, Maria and Antonio were denied relief solely on reviewable grounds, while Julian was denied relief solely on a non-reviewable ground. *Cf. Lanza,* 389 F.3d at 924 (remanding where it was unclear whether the BIA affirmed on a reviewable or unreviewable ground).

The petitioners do not challenge the IJ's determination that Virginia, Maria and Antonio failed to establish ten years continuous physical presence, or that Maria and Antonio were statutorily ineligible for relief due to lack of a qualifying relative.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.